```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Kenneth Adam Marshall,         :

        Petitioner,            :

     v.                        :    Case No. 2:15-cv-2775

Warden, Pickaway               :    JUDGE ALGENON L. MARBLEY
Correctional Institution,           Magistrate Judge Kemp
                               :
        Respondent.
```

REPORT AND RECOMMENDATION
AND ORDER

This 28 U.S.C. §2254 action was filed by Kenneth Adam Marshall while he was an inmate at the Pickaway Correctional Institution located in Orient, Ohio. He has since been released and resides in Columbus, Ohio.

Although Mr. Marshall was convicted of an offense in Ohio which resulted in his being held at the Pickaway Correctional Institution, his petition does not challenge that conviction. Rather, as stated in his supporting memorandum and the exhibits attached to it (Doc. 4), he apparently had been asking Ohio officials to resolve a detainer or holder which had been placed against him by the State of Indiana. Also according to those exhibits, he had been told by prison officials to contact the Bureau of Sentence Computation to request a speedy trial on the Indiana charges. His petition does not indicate that he did so; it asserts that he was denied various constitutional rights and rights under the Interstate Agreement on Detainers Act.

The response to the show cause order (Doc. 16) sheds some additional light on the issue. In requesting that the Court dismiss this action for lack of jurisdiction, Respondent notes

that the State of Indiana appears to have issued two warrants for Mr. Marshall.  One relates to his failure to appear on a charge of failure to stop after an accident.  That warrant was issued in 2003.  The other relates to charges of theft and forgery.  It is dated November 15, 2007.  To date, it does not appear that Mr. Marshall has been arrested on either warrant.  Respondent argues that since Mr. Marshall is not currently in custody, he cannot obtain any relief under 28 U.S.C. §2254, and that if he has a remedy, it lies in Indiana and not Ohio.

The Court begins with the jurisdictional question.  28 U.S.C. §2254 provides a federal remedy for persons who are "in custody pursuant to the judgment of a State court ...."  28 U.S.C. §2254(a).  Custody is not limited to physical custody in a prison environment; it includes "conditions which significantly confine and restrain [a petitioner's] freedom ...." Jones v. Cunningham, 371 U.S. 236, 243 (1963).  When deciding if a petitioner satisfies the "in custody" requirement, the Court must consider the date on which the petition is filed.  "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Mr. Marshall was clearly "in custody" when he filed his petition.  He was, according to the response to his petition, serving a sentence imposed by the Franklin County Court of Common Pleas for identity fraud. See Doc. 16, Ex. 1.  But that does not provide the complete answer to the question.  The person seeking relief must satisfy the "in custody" requirement with respect to whatever judgment or process of the state court he or she seeks to have declared constitutionally infirm.  Here, since it is only the Indiana warrants which are being attacked, in order for Mr. Marshall to challenge them, he must have been "in custody" under those warrants at the time he filed his petition.

Clearly, he was not.  He does not allege that the warrants were ever lodged as detainers, and the State of Ohio certainly did not consider them to be detainers, since it released Mr. Marshall back into the community once his sentence had been served rather than transferring him to the custody of Indiana officials.  This Court held, in West v. Hamilton County Prosecutor's Office, 2011 WL 5920770 (S.D. Ohio Nov. 7, 2011), adopted and affirmed 2011 WL 5914003 (S.D. Ohio Nov. 28, 2011), that unless an arrest warrant results in a detainer, the warrant does not place significant restraints on the petitioner's liberty and he or she is therefore not "in custody" under the warrant. West cites, at *2, a host of cases from other courts, including the Courts of Appeals from the Second and Eleventh Circuits, which have held that "the 'presence of the detainer is crucial' to establish 'in custody' habeas corpus jurisdiction because the detainer 'represents a present claim ... of jurisdiction over ... [the] person [by the non-holding state] and the right to subject him to its orders and supervision in the future.'" See id., quoting Dodd v. United States Marshal, 439 F.2d 774, 775 (2d Cir. 1971)(internal citation and quotation omitted).  That is a sound conclusion and is sufficient to resolve the jurisdictional issue raised in this case.

Further, the Warden of the Pickaway Correctional Institution is not a party against whom a challenge to out-of-state warrants can be brought.  "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).  To the extent that the petition sought to compel the Warden, or the State of Ohio, to take some action, those requests have been mooted by Mr. Marshall's release from prison.  For all of these reasons, the Court concludes that Mr. Marshall is not entitled to

relief in this Court.

Mr. Marshall has filed a number of motions in this case. His motion to supplement (Doc. 3) is granted.  The Court will deem his "Motion/Petition for Judicial Action or Order" as a second supplement to his petition, and directs the Clerk to remove it as a motion from the Court's pending motions list.  The two motions filed on November 30, 2015 and December 4, 2015, appear to be objections to the order granting Respondent's motion for an extension of time, and those motions (Doc. 13 and Doc. 14) are denied as moot.  The motion for status (Doc. 18) is also moot and is denied.  Finally, Mr. Marshall's motion for judgment on the pleadings is both inapposite in a habeas corpus action and is deemed a response to Respondent's motion to dismiss; the Clerk shall remove that motion (Doc. 20) from the Court's pending motions list as well.

For the reasons set forth above, it is recommended that this case be dismissed, but without prejudice to Mr. Marshall's ability to pursue relief against the appropriate Indiana officials should he ever find himself "in custody" under the warrants which are the subject of this case.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

-4-

magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge